O’NIELL, O. J.
 

 This is a suit for separation from bed and board on the ground of intolerable cruel treatment. The defendant, answering the suit, denied that he had ever treated his wife cruelly, and he prayed for a rejection of her demand, and, by way of reeonventional demand, for a judgment of separation from bed and board, in his favor, on the ground of abandonment. Having heard the evidence, the . judge rejected both demands. The plaintiff appeals from the decision!
 

 The proof of cruel treatment on the part of the defendant appears to us to be sufficient to sustain the plaintiff's suit. She testified that, on several occasions, he came home drunk and quarreled with her, and struck her and abused her to an extent that was intolerable. As to some instances, her testimony is corroborated by that of a woman who was often at the Pichón home and was sometimes employed there. The defendant’s denial, as a witness, is not at all convincing. In answer to a few direct questions, he denied that he had ever struck or abused his wife; but, to the last question, viz. “Have you ever in any way abused or ill-treated her?” he answered, “I don’t believe I did — pretty sure I didn’t; I had no reason to.” The only witness called for the purpose of corroborating his testimony was a friend who testified that he was a frequent visitor-at the Pichón home and often called unannounced and played cards, and that he had' never observed any misconduct on the part of Mr. Pichón towards his wife, which only goes to show that Mr. Pichón did not abuse his wife in the company of their friends or visitors.
 

 It is likely that the judge’s reason for rejecting the plaintiff’s demand was that, in. his opinion, she condoned the last act of abuse and cruelty; but we do not find it so. The occurrence was on a Saturday night, and she remained in the house, but in another room, during that night and in fact until Tuesday at noon. Meantime — that is, on Monday — she made arrangements for another-place of abode. She had only $15 and no welcome that she knew of in any other house. Her remaining in the house.with her husband in those circumstances and conditions was, not a forgiving of his offense.
 

 By an interlocutory decree in this case the-court ordered the defendant to pay $50 a month alimony pendente lite, which he neglected to pay, and for which he was adjudged guilty of contempt. The plaintiff asks that the same amount of alimony be allowed during the separation from bed and board. The-record sustains her claim.
 

 It appears that there is property, both real and personal, belonging to the community of acquets and gains. It is necessary, therefore, in dissolving the community, to-remand the case to the civil district court for a liquidation and settlement of the community.
 

 There were no children of the marriage.
 

 The judgment appealed from is annulled, and the plaintiff, Alta Disinger Pichón, is now granted a separation from bed and board from her husband, Franklin I. Pichón, and a dissolution of the community of acquets and gains, and the case is ordered remanded to the civil district court for a liq
 
 *275
 
 uidation and settlement 'of the community. It is further ordered, adjudged and decreed that the defendant pay the plaintiff fifty dollars ($50) a month alimony during their separation from bed and hoard.
 

 ST. PAUL, J., recused.